# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KENNETH SINLEY, | ) |
| Plaintiff, | ) |
| | ) No. 5:14-cv-273 |
| vs. | ) |
| | ) |
| NATIONSTAR MORTGAGE LLC, | ) **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

## COMPLAINT

Now comes the Plaintiff, KENNETH SINLEY, by and through his attorneys, Luxenburg & Levin, LLC, and for his Complaint against the Defendant, NATIONSTAR MORTGAGE LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Telephone Consumer Protection Act (hereinafter the "TCPA"), 47 U.S.C. § 227, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the TCPA, 47 U.S.C. § 227, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Barberton, Ohio.

4. On information and belief, Defendant is a limited liability company of the State of Delaware, which is licensed to do business in Ohio and which has its principal place of business in Lewisville, Texas.

## FACTUAL ALLEGATIONS

5. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

6. Defendant is a "person" as defined in 47 U.S.C. § 153(39).

7. On November 10, 2011, Plaintiff filed a Chapter 13 voluntary bankruptcy petition in the United States Bankruptcy Court for the Northern District of Ohio, case number 11-54204-mss. Plaintiff's bankruptcy case was subsequently amended to a Chapter 7 proceeding. On July 10, 2013, an Order of Discharge was entered in Plaintiff's bankruptcy case.

8. Both prior to and subsequent to the entry of the Order of Discharge in Plaintiff's bankruptcy case, Defendant placed telephone calls to Plaintiff's cellular telephone using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A). The purpose of these telephone calls was the attempted collection of an alleged debt which had been discharged in Plaintiff's bankruptcy case.

9. Subsequent to the entry of the Order of Discharge in Plaintiff's bankruptcy case, Defendant placed telephone calls to Plaintiff's cellular telephone. These calls were placed using an automatic telephone dialing system and an artificial and/or prerecorded voice message, on or about the following dates, although this list is not intended to be exhaustive. Defendant sometimes placed multiple telephone calls to Plaintiff on the same date.

    a. August 25, 26 and 28, 2013;

    b. September 1, 5 and 8, 2013;

        c.        October 16, 22, 27 and 30, 2013;

        d.        November 2, 4, 7, 8, 12, 14, 17, 18, 20, 23, 24, 25, 26, 27, 29 and 30, 2013;

        e.        December 2, 3, 14 and 31, 2013;

        f.        January 7, 8, 9, 11, 12, 14, 16, 20, 25, 26 and 31, 2014; and

        g.        February 5, 2014.

10. On information and belief, Defendant routinely uses an automatic telephone dialing systems and artificial and/or prerecorded voice messages in the collection of overdue mortgage payments in the ordinary course of its business.

11. The telephone number at which Defendant contacted Plaintiff via its automatic telephone dialing system, and at which Defendant left artificial and/or prerecorded voice messages for Plaintiff, was assigned to a cellular telephone service.

12. Plaintiff did not give Defendant his express consent, invitation or permission to contact him at his cellular telephone number using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact him at his cellular telephone number was terminated and revoked upon the filing of Plaintiff's bankruptcy case and/or the entry of the Order of Discharge.

13. Defendant's telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and an artificial and/or prerecorded voice message were not made for emergency purposes.

## COUNT I

(Negligent Violations of the Telephone Consumer Protection Act)

14. Plaintiff realleges and incorporates by reference Paragraphs 1-13 above.

15. Defendant's telephone calls to Plaintiff's cellular telephone number utilizing an automatic telephone dialing system and an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission violated 47 U.S.C. § 227(b)(1)(A).

16. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

17. As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

WHEREFORE, Plaintiff, KENNETH SINLEY, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Knowing and/or Willful Violations of the Telephone Consumer Protection Act)

18. Plaintiff realleges and incorporates by reference Paragraphs 1-17 above.

19. Defendant's telephone calls to Plaintiff's cellular telephone number utilizing an automatic telephone dialing system and an artificial and/or prerecorded voice message for non-emergency purposes and in the absence of Plaintiff's express consent, invitation or permission violated 47 U.S.C. § 227(b)(1)(A).

20. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

21. As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff, KENNETH SINLEY, respectfully prays for a judgment against Defendant as follows:

    a. Treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d. Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

                                              Respectfully Submitted,

                                              /s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (42021)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com